**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kimberly Bolin and Angela Gibson, Defendants,

Of Whom Kimberly Bolin is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2014-001629

_____

Appeal From York County
David G. Guyton, Family Court Judge

_____

Unpublished Opinion No. 2016-UP-016
Submitted August 1, 2015 – Filed January 13, 2016

_____

**AFFIRMED**

_____

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

R. Chadwick Smith, of the South Carolina Department of
Social Services, of Rock Hill, for Respondent.

Laura Kaiser Anderson, of Charlotte, N.C., for the Guardian ad Litem.

---

**PER CURIAM:**  Kimberly Bolin appeals a removal order, arguing the family court erred in finding she abused her children and ordering her name be entered on the Central Registry of Child Abuse and Neglect (Central Registry).  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  "[D]e novo standard of review does not relieve an appellant from demonstrating error in the [family] court's findings of fact."  *Id*. at 385, 709 S.E.2d at 652.  "[T]his court may reverse a finding of fact by the [family court] when [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court."  *Id*. at 386, 709 S.E.2d at 652.

We find the preponderance of the evidence showed Bolin wilfully or recklessly neglected the children.  *See* S.C. Code Ann. § 63-7-1660(E) (2010) ("The [family] court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the [removal] petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child as defined in section 63-7-20 [of the South Carolina Code (2010)] . . . ."); § 63-7-20(4) ("'Child abuse or neglect' or 'harm' occurs when the parent . . . (a) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . .").  The Department of Social Services (DSS) entered into a safety plan with Bolin wherein Bolin agreed to place her children with Bolin's mother.  During that time, Bolin was in an automobile accident with her children, and two of the children suffered injuries requiring hospitalization.  Although Bolin admitted three of her children were at an age that they were required by statute to be in car seats, none of her children were in car seats at the time of the accident.  Further, Bolin could not recall whether any of the children were wearing seat belts.  Bolin admitted she regularly used marijuana around the time of the accident although she denied using it around her children.  The DSS caseworker testified Bolin was working on her treatment plan but had not obtained adequate income or housing.  Based on this and other evidence in the record, we find by a preponderance of the evidence Bolin wilfully or recklessly neglected the children.

Further, because we find a preponderance of the evidence showed Bolin willfully or recklessly neglected the children, we find the family court properly entered Bolin's name on the Central Registry.  *See* S.C. Code Ann. § 63-7-1940(A) (Supp. 2015) (providing the family court "(1) shall order, without possibility of waiver by [DSS], that a person's name be entered in the Central Registry . . . if the court finds that there is a preponderance of evidence that the person: . . . (c) wilfully or recklessly neglected the child").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.